**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.**



# /S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| TONYA L. STARKEY, | CASE NO. 07-61664 |
| Debtor. | ADV. NO. 08-06085 |
| ANNE PIERO SILAGY, | JUDGE RUSS KENDIG |
| Plaintiff, | **MEMORANDUM OF OPINION** |
| vs. | **(NOT INTENDED FOR** |
| | **PUBLICATION)** |
| BRUCE R. STARKEY, | |
| Defendant. | |

Now before the Court is defendant Bruce R. Starkey's motion for summary judgment, which was filed on August 14, 2009.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F). Venue is appropriate under 28 U.S.C. § 1409. The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND AND FACTS

On July 21, 2006, the debtor, Tonya L. Starkey, entered into a separation agreement with the defendant, Bruce R. Starkey, for the purpose of dividing their marital property. On the same day, and pursuant to the separation agreement, the debtor transferred her interest in two parcels of real property at 6463 Arbor Rd. NE, Mechanicstown, OH 44651 (hereinafter "Real Property") to the defendant Bruce R. Starkey. As partial consideration for the transfer of the Real Property, Mr. Starkey waived his right to receive child support.

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 8, 2007. On July 18, 2008, the trustee initiated this adversary proceeding. In the complaint, the trustee alleged that the Real Property, or its cash equivalent, should be recovered to the estate as a fraudulent transfer. The defendant filed a motion for summary judgment on August 14, 2009. The trustee filed an objection to the motion for summary judgment on August 24, 2009.

## LAW AND ANALYSIS

### A. Counts I and III

Count I alleges that the transfer of the Real Property should be recovered for the estate as a fraudulent transfer under 11 U.S.C. § 548(a)(1)(A). Count III alleges that the Real Property should be recovered under Ohio Revised Code § 1336.04(A)(1), as incorporated through 11 U.S.C. § 544(b). Both causes of action require the trustee to show that the debtor had the actual intent to hinder, delay or defraud a creditor of the debtor.

The defendant argues that summary judgment is appropriate on Counts I and III for two reasons. First, the defendant alleges that the trustee has failed to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7009. Second, the defendant alleges that the plaintiff has presented no evidence showing an actual intent to hinder, delay, or defraud any creditor of the debtor.

### 1. Summary Judgment under Rule 9(b) is not appropriate.

At the outset, the Court notes that failure to satisfy the heightened pleading requirement in Rule 9(b) is generally not a sufficient basis for summary judgment. Coffey v. Foamex, L.P., 2 F.3d 157, 161–62 (6th Cir. 1993) (explaining that the Court should give the plaintiff leave to amend the pleadings). Some courts have found the issue to be waived if not raised in the first responsive pleading or an early motion. E.g., Davsko v. Golden Harvest Prods., Inc., 965 F. Supp. 1467, 1474 (D. Kan. 1997). Nonetheless, even if the defendant has raised the issue

2

appropriately, the Court finds the trustee's pleadings to be adequate.

Federal Rule of Civil Procedure 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).

The Sixth Circuit requires "a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey, 2 F.3d at 161–62. However, Rule 9(b) provides that states of mind, including allegations of intent, may be averred generally. Fed. R. Civ. P. 9(b); Gold v. Morrison-Knudson Co., 68 F.3d 1475, 1477 (2d Cir. 1995) (explaining that the pleader cannot be expected to know the defendant's state of mind).

The Court finds that the heightened pleading standards of Rule 9(b) do not apply because Claims I and III allege "actual intent." Furthermore, even if the heightened pleading standard did apply, the trustee's allegations would be sufficient. The trustee alleges that the debtor fraudulently transferred the Real Property on July 21, 2006 for the purpose of defrauding her bankruptcy creditors. Thus, all the of the pleading elements required by Coffey are satisfied.

### 2. Summary Judgment is Appropriate on the Issue of Actual Intent.

The procedure for granting summary judgment is found in Federal Rule of Civil Procedure 56(c), made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7056, which provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party shows a

3

presumptive entitlement to summary judgment if it points to the absence of any factual support for the plaintiff's claim. Summary judgment is then appropriate unless the nonmoving party can point out facts that demonstrate the need for a trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). In defeating a motion for summary judgment, a plaintiff cannot merely rest on the pleadings. First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289 (1968).

The defendant's motion states that the plaintiff has no evidence of actual intent to hinder, delay or defraud creditors. Thus, the burden shifts to the trustee to point out specific facts that support the need for a trial.

To demonstrate the need for a trial, the trustee must show "badges of fraud" that provide circumstantial evidence of actual intent. Schilling v. Heavrin (In re Triple S Rests., Inc.), 422 F.3d 405, 414 (6th Cir. 2005) ("Badges of fraud are circumstances so frequently attending fraudulent transfers that an inference of fraud arises from them."). Ohio Revised Code § 1336.04(B) lists eleven badges of fraud for the court to consider: (1) whether the transfer or obligation was to an insider; (2) whether the debtor retained possession or control of the property transferred after the transfer; (3) whether the obligation was disclosed or concealed; (4) whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with a suit; (5) whether the transfer was of substantially all of the assets of the debtor; (6) whether the debtor absconded; (7) whether the debtor concealed assets; (8) whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) whether the debtor was insolvent or became insolvent shortly before or shortly after a substantial debt was incurred; (10) whether the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) whether the debtor transferred the essential assets of a the business to a lienholder who transferred the assets to an insider of the debtor. Courts have considered similar badges of fraud in the context of 11 U.S.C. § 548(a)(1)(A). Collier on Bankruptcy (15th ed.) ¶ 548.04[2][b] (listing cases).

Several Courts have concluded that under section 584(a)(1)(A), the plaintiff must prove several badges of fraud to make a showing of actual intent and shift the burden of disproving actual intent onto the defendant. E.g., Keating v. Spangler (In re XYZ Options, Inc.), 154 F.3d 1262, 1271 n.17 (11th Cir. 1998); St. Clair Clinic v. Delacruz, 1996 WL 6531, 3*–4* (6th Cir. 1996); Brown v. Third National Bank (In re Sherman), 67 F.3d 1348 (8th Cir. 1995); Max Sugarman Funeral Home, Inc. v. A.D.B. Investors, 926 F.2d 1248, 1254 (1st Cir. 1991). Likewise, Ohio courts have required that the plaintiff establish a "sufficient number" of badges of fraud listed under section 1336.04(B) to shift the burden of proof from the plaintiff to the defendant. E.g., Wooten v. Kreischer, 834 N.E.2d 35, 40 (2005). The Sixth Circuit has concluded that lack of reasonably equivalent value, standing alone, does not warrant a finding of actual intent. Lackawanna Pants Mfg. Co. v. Wiseman, 133 F.2d 482, 487 (1943).

The trustee's response to the motion for summary judgment asserts two badges of fraud. First, the trustee asserts that the debtor was insolvent at the time of the transfer or became solvent

4

shortly thereafter. However, the trustee points to no set of facts that support this assertion, and the Court finds nothing about the circumstances of the case to render the trustee's conclusion obvious. Thus, the Court concludes that the trustee has failed to meet her burden of pointing out facts that indicate that the debtor was insolvent.

Second, the trustee asserts that the transfer of the Real Property was not for reasonably equivalent value. The trustee points to facts that may support this assertion. Specifically, the trustee discusses competing appraisals of the property, and discusses the original purchase price of the property. Furthermore, both parties admit that determining "reasonably equivalent value" in the context of a separation agreement is a very fact-intensive exercise. Thus, the Court concludes that the trustee has demonstrated a material issue of fact as to whether the transfer of the Real Property was for reasonably equivalent value.[1]

Although the plaintiff has raised an issue of fact regarding reasonably equivalent value, the Court finds that the plaintiff has not pointed out facts supporting a sufficient number of badges of fraud to show actual fraudulent intent. Thus, summary judgment for the defendant is appropriate on Counts I and III.[2]

### B. Counts II, IV, and V

Counts II, IV and V allege that the Real Property should be recovered for the estate pursuant to 11 U.S.C. § 548(a)(1)(B); Ohio Revised Code § 1336.04(A)(2), as incorporated through 11 U.S.C. § 544(b); and Ohio Revised Code § 1336.05(A), as incorporated through 11 U.S.C. § 544(b). These "constructively fraudulent" transfer provisions require the trustee to prove that a transfer was not made a for reasonably equivalent value.

The defendant argues that summary judgment is appropriate on Counts II, IV and V of the complaint because a reasonable person could not conclude that the debtor received less than a reasonably equivalent value for her transfers to the defendant. As discussed above, the Court finds that the trustee has demonstrated that an issue of fact exists regarding whether or not the transfer was for reasonably equivalent value.

Accordingly, the defendant's motion for summary judgment is denied with regard to

---

[1]The trustee does not allege that the debtor and the defendant were insiders at the time of the separation agreement.

[2]Under Ohio's constructive fraud provisions, if the plaintiff can show lack of fair consideration, the burden shifts to the defendant to prove solvency. In re Ohio Corrugating Co., 70 B.R. 920, 926–37 (Bank. N.D. Ohio 1987). The Court could find no authority applying this presumption to Ohio's actual fraud provision. However, even if the plaintiff was able to demonstrate that the debtor was insolvent, the Court would conclude that the plaintiff had not met her burden of establishing several badges of fraud.

Claims II, IV, and V.

An order will be issued simultaneously with this opinion.

#          #          #

**Service list:**

Ann Piero Silagy
220 Market Avenue, South
Suite 300
Canton, OH 44702

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Bruce R. Starkey
6455 Arbor Road NE
Mechanicstown, OH 44651

James R Kandel
101 Central Plaza S
Ste 1003
Canton, OH 44702-1433

6